### No. 116
### BERTHA M. ALDRICH v. CHARLES K. FRIEDMAN

Error to the Court of Appeals, Lucas County
No. 18330, filed in Supreme Court Jan. 22, 1924. 2 Abs. 83.

681. JURISDICTION.
787. FORECLOSURE OF MORTGAGE.
677. PERSONAL JUDGMENT.

Action by Bertha M. Aldrich, commenced in the Common Pleas of Lucas county, to enjoin the collection of a personal judgment against her in favor of Charles K. Friedman. The judgment was for money only.

In August, 1917, one John W. Long filed his petition in the Common Pleas of Henry county asking foreclosure, etc., of a first mortgage which he held on a farm in said county. He made Bertha M. Aldrich, Charles K. Friedman and others as defendants.

Further pleadings showed that Friedman was the holder of a second mortgage on said farm; also that the farm had, in December, 1916, been conveyed to Bertha M. Aldrich by a deed which recited that she assume and agree to pay the notes secured by the mortgages; also that, in March, 1917, Bertha M. Aldrich conveyed the farm to Oliver Jenkins and that after that time and prior to the foreclosure the farm was sold and conveyed several times.

The petition of Long did not mention or seek to enforce any personal judgment against Bertha M. Aldrich. The cross-petition of Friedman alleged that Bertha M. Aldrich had assumed the payment of the second mortgage and asked a personal judgment against her. The judgment was granted.

This action was to enjoin the collection of the personal judgment. The injunction was allowed by the Common Pleas. The Court of Appeals reversed the Common Pleas.

Plaintiff claims error on the ground that personal judgment cannot be recovered by a cross-petition in a foreclosure suit.

Also that the prayer of the cross-petition asking for a personal judgment against Aldrich covered a matter not set forth in the petition as the foundation of the plaintiff's claim. Also that Aldrich is and was at no time a resident of Henry county and was not served in Henry county, and that she never entered her appearance, and that a personal judgment could be rendered only in the county where she resided or could be found.

Also that a carbon copy of the paper handed to her by the sheriff of Lucas county shows beyond a doubt that the summons was directed to Bertha M. Jenkins and she sent it to Emma L. Jenkins, thinking that it was meant for her. And that the summons did not notify Mrs. Aldrich that she had been sued by Friedman, and amounted to no service upon her.

Attorneys—Calkins, Storey & Nye, Toledo, for Aldrich; Stahl & Price and Stanley M. Friedman, Toledo, for Friedman.

### No. 117
### ANNA HOVER et al v. ROSE GARDNER et al

Error to Logan County Appeals
No. 18281, filed in Supreme Court
Dec. 29, 1924. 2 Abs. 45

1271. WILLS—Construction of devise, as to character of estate.

This case asks for the construction of the will of Daniel Hoy, deceased, executed in 1856 in the following words:

"I give and devise to my beloved wife the farm on which we now reside containing about seventy acres, during her natural life; at the death of my said wife the real estate aforesaid, I give and devise to my sons, Isaac Hoy and Philip Hoy, and their children; if either of my sons should decease leaving no children, then, in that case, the surviving son shall have the deceased son's part of my estate."

Neither at the date of the execution of said will, nor at the death of said testator, did either of said sons have children.

The Common Pleas held that this devise vested in the two sons a fee simple. The Appeals held that it created a fee tail estate. Following the holding in Soteldo v. Clement, 29 Bull. 385, and Ranny, Ex., v. Ranny, 5 NP-73, affirmed 19 CC. The Court of Appeals for Logan county held that devise created a fee tail.

Attorneys—West & West, Bellefontaine, for Hover; W. Clay Huston, De Graff and H. H. Newell, contra.